43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nancy COOPER, Plaintiff-Appellant,
v.
Rebecca VIGIL-GIRON and Ernstein Florez, Defendants-Appellees.
 No. 93-2234.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the district court's order granting summary judgment for defendants. We affirm.
 
 
 4
 Defendant Rebecca Vigil-Giron, director of the New Mexico Commission on the Status of Women, terminated plaintiff from her employment with the Commission. Plaintiff filed a civil rights action pursuant to 42 U.S.C.1983 against defendants Vigil-Giron and Ernestine Florez, deputy director of the Commission, alleging her termination, which she claims was in retaliation for comments she made, violated her First Amendment rights. In granting summary judgment for defendants, the district court determined that plaintiff's speech did not constitute a matter of public concern, but rather concerned personal disputes and grievances regarding management of the Commission. Plaintiff raises two arguments on appeal: (1) the district court erred in granting summary judgment to Vigil-Giron on the ground that plaintiff's speech was not a matter of public concern and (2) the district court erred in granting summary judgment to Florez.
 
 
 5
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Rule 56(c)). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 
 6
 In First Amendment cases, this court must independently examine the facts to ensure the district court's judgment did not constitute an improper intrusion on the plaintiff's free expression. Schalk v. Gallemore, 906 F.2d 491, 494 (10th Cir.1990). Thus, whether speech is protected is a matter of law. Connick v. Myers, 461 U.S. 138, 148 n. 7 (1983).
 
 
 7
 The threshold question is whether the speech may be characterized as a matter of public concern. Rankin v. McPherson, 483 U.S. 378, 384 (1987). Speech related to personnel disputes is not a matter of public concern protected by the First Amendment. Connick, 461 U.S. at 147-48.
 
 
 8
 To determine if the speech related only to internal personnel matters and not to the discharge of governmental responsibilities, the court must consider the "content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48.... The court will also consider the motive of the speaker to learn if the speech was calculated to redress personal grievances or to address a broader public purpose. Patrick v. Miller, 953 F.2d 1240, 1248 (10th Cir.1992); Conaway v. Smith, 853 F.2d 789, 796 (10th Cir.1988). "In drawing the thin line between a public employee's speech which touches on matters of public concern, and speech from the same employee which only deals with personal employment matters, we have looked to the subjective intent of the speaker." Schalk v. Gallemore, 906 F.2d 491, 495 (10th Cir.1990).
 
 
 9
 Workman v. Jordan, 32 F.3d 475, 482-83 (10th Cir.1994).
 
 
 10
 Although plaintiff claims that she sought to inform the public that the Commission was not discharging its duties, all of her speech concerned her dissatisfaction with her job situation and her disapproval of the way Vigil-Giron managed the Commission. As the district court determined, the speech discloses her personal disputes and grievances. Thus, the district court correctly granted summary judgment in favor of Vigil-Giron.
 
 
 11
 The district court also correctly granted summary judgment for Flores on the same ground that it granted summary judgment to Vigil-Giron.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470